[754 NYS2d 903]

In the Matter of Bradley W. Kurtzberg, a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, February 10, 2003

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset (*Stacey J. Sharpelletti* of counsel), for Grievance Committee for the Tenth Judicial District.

*Rubinstein & Corozzo, LLP,* New York City (*Ronald Rubinstein* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Bradley W. Kurtzberg, who is currently incarcerated at the federal correctional facility in Otisville, New York, has submitted an affidavit of resignation dated October 3, 2002.

Mr. Kurtzberg acknowledges that on or about August 23, 2002, he was served personally by the Grievance Committee for the Tenth Judicial District with a notice of petition and a petition setting forth one charge of professional misconduct based upon his conviction of a federal felony. He admits that he cannot successfully defend himself on the merits of this disciplinary charge.

Mr. Kurtzberg avers that his resignation is freely and voluntarily rendered and that he is not being subjected to coercion or duress by anyone. Mr. Kurtzberg has discussed his decision to resign with his attorney, as well as others whose advice and counsel he respects, and is fully aware of the implications of submitting his resignation, which include being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for a minimum of seven years (*see* 22 NYCRR 691.11 [a]).

Mr. Kurtzberg acknowledges that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the New York Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the tendered resignation.

Inasmuch as the resignation complies with the requirements of 22 NYCRR 691.9, it is accepted. Bradley W. Kurtzberg is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

RITTER, J.P., SANTUCCI, ALTMAN, FEUERSTEIN and H. MILLER, JJ., concur.

Ordered that the resignation of Bradley W. Kurtzberg is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bradley W. Kurtzberg is disbarred, and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Bradley W. Kurtzberg shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bradley W. Kurtzberg is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.